UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02 CR 527 (JCH) |
| ) | |
| CHRISTOPHER G. RHODES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Christopher Rhodes' ("Rhodes") Amended Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) (Doc. No. 61), filed August 7, 2007. The Government responded on August 20, 2007. (Doc. No. 62). The matter is now fully briefed and ready for a decision.

**BACKGROUND**

On June 25, 2002, officers with the St. Louis Metropolitan Police Department ("Police") arrested Rhodes and found him to be in possession of cocaine base. (Plea Hr'g, Doc. No. 53 at p. 13-14). Rhodes was charged by indictment with one count of Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). (Indictment, Doc. No. 1). On April 9, 2003, Rhodes pled guilty to this count. (Plea Hr'g at p. 15). On September 18, 2003, the Court sentenced him to a 294 month term of imprisonment. (J., Doc. No. 35).

Rhodes now alleges that United States of America ("Government") failed to return United States currency to him that was seized during his arrest. (Def.'s Mot. Req. for the Return of Seized

Property, Doc. No. 61). This arrest occurred on June 25, 2002 when the Police stopped his car for a traffic violation. (Plea Hr'g at p. 13-14). During the stop, the Police found 2.80 grams of cocaine base in his car. (Pl.'s Resp. in Opp'n to Def.'s Mot., Doc. No. 62 at p. 2). A search of Rhodes' residence resulted in the seizure of 222.65 grams of cocaine base. (Id.). The Police then arrested him and seized $1448.00 in United States currency from his person. (Plea Hr'g at p. 14).

In his plea agreement, Rhodes agreed "to forfeit all of … [his] interest in all items seized by law enforcement officials during the course of their investigation and [to] not contest the forfeiture to law enforcement of such items." (Plea Agreement ("Plea"), Doc. No. 21 § 2, ¶ E). Furthermore, he agreed "not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said currency ... ." (Id.). On April 9, 2003, Rhodes testified that he accepted this plea agreement "of [his] own free will." (Plea Hr'g at p. 6).

## DISCUSSION

The Federal Rules of Criminal Procedure, however, state that "a person aggrieved ... by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). To satisfy Rule 41(g), the movant must first show that he has some interest in the property. United States v. Manelli, 667 F.2d 695, 699 (8th Cir. 1981). Second, the movant must show that the Government was, or is, in possession of the property. United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003); Jackson v. United States, No. 1:03CV160 ERW, 2006 WL 3803650, at *2 (E.D. Mo. Nov. 16, 2006) (burden on movant to show the Government had possession). Movant must show the Government had actual possession of the funds or constructive possession, meaning that the Government either (1) used the property as evidence in a federal prosecution, or (2) directed state officials to seize the property in the first place. United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006). A state

deferring to federal prosecution does not create constructive possession. Id.

A motion for return of property is properly denied "(1) if the defendant is not entitled to lawful possession of the seized property, (2) if the property is contraband or subject to forfeiture, or (3) if the Government has a continuing evidentiary need for the property." United States v. Wilson, 8 Fed. Appx. 593, 594 (8th Cir. 2001). The Government bears the burden of proving it has a legitimate reason for retaining the property. United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (cited with approval in United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002)).

Upon consideration, Rhodes has no interest in the currency at issue because he forfeited his "interest in all items seized by law enforcement officials during the course of their investigation" in his plea agreement. (Plea at § 2, ¶ E). Furthermore, he accepted the plea agreement "of [his] own free will." (Plea Hr'g at p. 7). As such, Rhodes cannot show that he has a lawful interest in the property. See Wilson, 8 Fed. Appx. at 594 (holding motion for return of property is properly denied if plaintiff has no lawful interest in the seized items); Manelli, 667 F.2d at 699 (holding plaintiff must have an interest in the seized property). Thus, Rhode's motion is without merit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Christopher Rhodes' Motion Request for the Return of Seized Property Pursuant to Fed. R. Crim. P. 41(g) (Doc. No. 61) is **DENIED**.

Dated this 18th day of September, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE